IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHARI L. HAMILTON                                                      PLAINTIFF

vs.                                            Civil No. 6:21-cv-06155

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                   DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shari L. Hamilton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.    Background:**

Plaintiff filed her disability application on January 29, 2020. (Tr. 13).[1] In her application, Plaintiff alleges being disabled due to post-traumatic stress disorder (PTSD), early onset dementia, pseudo-dementia, depression, anxiety, mild cognitive impairment, and carpal tunnel syndrome. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself not the ECF page number.

181). Plaintiff alleged an onset date of October 1, 2019. (Tr. 13). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 99-135). This hearing was held on April 6, 2021. (Tr. 31-55). At this hearing, Plaintiff was present, and represented by Sherri McDonough. *Id.* Plaintiff and Vocational Expert ("VE"), Gerald Keating testified at the hearing. *Id.*

Following the administrative hearing, on April 23, 2021, the ALJ entered an unfavorable decision. (Tr. 13-26). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2024. (Tr. 15, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since October 1, 2019. (Tr. 15, Finding 2).

The ALJ determined Plaintiff had the severe impairments of major depressive disorder, generalized anxiety, post-traumatic stress disorder, and a neurocognitive disorder. (Tr. 15 Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 16, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 18-25). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform full range of work at all exertional levels with several non-exertional limitations. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr.

25, Finding 10).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) floor cleaner/waxer with approximately 40,000 jobs in the nation, (2) automobile detailer with approximately 90,000 jobs in the nation, and (3) cleaner II with approximately 50,000 jobs in the nation.  *Id*.  Based upon this finding, the ALJ determined Plaintiff had not been disabled from October 1, 2019, through the date of the decision.  (Tr. 26, Finding 11).

On December 2, 2021, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 17, 19.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 17. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in the RFC determination and (B) the ALJ erred in failing to find Plaintiff met a Listing. *Id.* The Court will consider each of these arguments.

**A. RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform full range of work at all exertional levels with several non-exertional limitations. (Tr. 18). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 17, Pgs. 2-6. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffers from a number of impairments does not demonstrate she has more limitations than those found in the RFC assessment above.

In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. (Tr. 18-25). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in her decision. *Id*. The ALJ also considered findings of medical consultants and considered Plaintiff's testimony and function reports in assessing her RFC. *Id.*

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B.  Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included major depressive disorder, generalized anxiety, post-traumatic stress disorder, and a neurocognitive disorder. (Tr. 15, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

"To meet a listing, a claimant must show that he or she meets all of the criteria for the listed impairment." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). Plaintiff claims the ALJ improperly found her impairments did not meet the requirements of Listing 12.02 (neurocognitive disorders), 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), or 12.15 (trauma and stressor related disorders). ECF No. 17 at 6-11. All of these Listings require a demonstration of the following: "Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F): 1. Understand, remember, or apply information (see 12.00E1). 2. Interact with others (see 12.00E2). 3. Concentrate, persist, or maintain pace (see 12.00E3). 4. Adapt or manage oneself (see 12.00E4)."

Here, the ALJ specifically found Plaintiff's mental impairments did not meet any of these Listings because Plaintiff only had moderate limitations in all of these areas of functioning. (Tr. 16-18). Upon review, the Court finds no basis for reversal on this issue. The ALJ discussed at length her findings in support by discussing Plaintiff's relevant medical history, functioning, and testimony. *Id.* In all four domains, the ALJ acknowledged Plaintiff had some level of impairment, but not ever greater than a moderate limitation.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this  28th day of November 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE